## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

BADRIA HINDI,

      Plaintiff,

      v.                                                                 Civ. No. 23-166 MLG-SCY

CITIBANK, N.A., EQUIFAX INFORMATION
SERVICES, LLC, EXPERIAN INFORMATION
SOLUTIONS, INC., and TRANSUNION, LLC,

      Defendants.


### ORDER GRANTING MOTION TO STAY DISCOVERY

Plaintiff brought this case, relating to a charge on her credit card she alleges is fraudulent, against the bank who issued her credit card, Citibank, and three credit reporting agencies ("CRAs"). Plaintiff argues that all Defendants failed to conduct a reasonable investigation into whether the charge was fraudulent. Equifax has settled, Doc. 47, leaving Experian and Transunion as CRA Defendants. Citibank has moved to compel arbitration based on an arbitration provision in the credit card agreement. The CRAs did not join that motion, but based on this motion, moved to stay "all discovery and scheduling in this action pending the outcome of arbitration between Plaintiff and Citibank." Doc. 40 at 2. Plaintiff opposes. Doc. 46. The CRAs did not file a reply and their time to do so has expired. The Court grants the motion.

The CRAs argue that the result of arbitration will determine issues such as whether "Citibank's reporting was accurate" and whether Plaintiff incurred damages as a result of the reporting. Doc. 40 at 2-3. Therefore, "allowing this litigation to proceed in parallel with the arbitration risks inconsistent outcomes on the key issues." *Id.* at 3. Plaintiff disputes this

reasoning, pointing to a provision in the arbitration agreement that specifically states the

result of arbitration will have no preclusive effect:

> An arbitration award shall decide the rights and obligations only of the parties
> named in the arbitration, and shall not have any bearing on any other person or
> dispute.

Doc. 46-1 at 9. Thus, she argues, because the outcome of the arbitration motion will have no

effect on Plaintiff's claims against the CRAs, there is no basis for staying discovery on those

claims pending arbitration. Plaintiff also argues the delay will prejudice her because "the

CRAs' derogatory credit reports have resulted in the cancellation of another credit card and

the denial of a credit card application." Doc. 46 at 3. Plaintiff "has been forced to make

purchases with cash, resulting in hardship and public embarrassment. Until this case is

resolved, these injuries will continue." *Id.* (citation omitted).

This Court has broad discretion to stay proceedings incident to its power to manage its

docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Baca v. Berry*, 806 F.3d 1262, 1269 (10th

Cir. 2015) ("the district court has the power to stay proceedings before it and to control its

docket for the purpose of economy of time and effort for itself, for counsel, and for litigants");

*Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling

are matters within the district court's broad discretion."); *King v. PA Consulting Group, Inc.*,

485 F.3d 577, 591 (10th Cir. 2007) (the court has broad discretion to manage the progression

of discovery). Whether to issue a stay is a balancing test within the district court's discretion,

assessing a party's interest in a stay against the harm of a stay. *Clinton v. Jones*, 520 U.S. 681,

706-08 (1997).

First, the Court notes that if it denies Citibank's motion to arbitrate, any stay the Court

enters will be modest and cause Plaintiff little prejudice. Second, if the Court grants

Citibank's motion and the matter proceeds to arbitration, it is not clear that the arbitrator's

decision will have no effect on Plaintiff's claims against the CRAs. Although the arbitrator's decision may not extend to the CRAs, evidence presented during the arbitration decision could be relevant to Plaintiff's claim against the CRAs. Further, whether a limitation in an arbitration agreement that does not apply to the CRAs means an arbitrator's resolution of the dispute between Plaintiff and Citibank will have no effect on the dispute between Plaintiff and the CRAs is not clear. This issue is better left for the presiding judge.

What is clear is that having discovery proceed on two separate tracks is less manageable, less efficient, and likely to be more expensive. It would be inefficient to allow discovery to go forward on one track (between Plaintiff and the CRAs) knowing that, if the presiding judge does not grant Citibank's motion to compel arbitration, Citibank must proceed with discovery on a separate track. Because there likely will be overlap in discovery, this raises the potential for multiple depositions of the same witnesses and the need for other duplicative discovery. It would not be an efficient use of resources to order the parties to conduct a bifurcated discovery plan and supervise such a case management order, where discovery proceeds against the CRAs and not Citibank. Similarly, in the event arbitration narrows the issues in this case, engaging in broad discovery now would be wasteful. Balanced against these interests is the sole prejudice Plaintiff has identified: her inability to obtain a credit card as a result of having a lower credit rating than she should have. Although Plaintiff has a legitimate interest in obtaining a credit card, this interest is outweighed by the above-identified countervailing considerations.

THEREFORE, IT IS ORDERED THAT the Joint Motion By CRA Defendants To

Stay Pending Arbitration, Doc. 40, is granted. Discovery and issuance of a scheduling order is

stayed pending decision on Citibank's Motion to Compel Arbitration, Doc. 34.


_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE